RECORD NO. 13-2380

In The

# United States Court of Appeals

### For The Fourth Circuit

## VELMA TOWNSEND,

*Plaintiff – Appellant*,

**and**

**LANDON TOWNSEND,**

*Plaintiff,*

**v.**

## FEDERAL NATIONAL MORTGAGE ASSOCIATION, a/k/a Fannie Mae; SAMUEL I. WHITE, P.C.; WELLS FARGO BANK, N.A.,

*Defendants – Appellees*.

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA AT CHARLOTTESVILLE**

––––––––––––––

**BRIEF OF APPELLEES**

––––––––––––––

Terry C. Frank
KAUFMAN & CANOLES, P.C.
Two James Center
1021 East Cary Street, Suite 1400
Richmond, Virginia 23219
(804) 771-5700

*Counsel for Appellees*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case.  In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form.  Counsel has a continuing duty to update this information.

No. __13-2320__      Caption: __Velma Townsend v. Federal National Mortgage Assoc., et al.__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__Federal National Mortgage Assoc., a/k/a Fannie Mae__
(name of party/amicus)

_____

 who is _____appellee_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.      Is party/amicus a publicly held corporation or other publicly held entity?   ☑ YES ☐ NO

2.      Does party/amicus have any parent corporations?                              ☐ YES ☑ NO
        If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3.      Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                                                               ☐ YES ☑ NO
        If yes, identify all such owners:

4.    Is there any other publicly held corporation or other publicly held entity that has a direct
financial interest in the outcome of the litigation (Local Rule 26.1(b))?    ☑YES ☐NO
If yes, identify entity and nature of interest:

  Wells Fargo Bank, N.A., co-appellee

5.    Is party a trade association? (amici curiae do not complete this question)    ☐YES ☑NO
If yes, identify any publicly held member whose stock or equity value could be affected
substantially by the outcome of the proceeding or whose claims the trade association is
pursuing in a representative capacity, or state that there is no such member:

6.    Does this case arise out of a bankruptcy proceeding?    ☐YES ☑NO
If yes, identify any trustee and the members of any creditors' committee:

Signature: /s/ Terry C. Frank            Date:   November 27, 2013

Counsel for:  Federal National Mortgage Assoc.

## CERTIFICATE OF SERVICE
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

I certify that on  November 27, 2013   the foregoing document was served on all parties or their
counsel of record through the CM/ECF system if they are registered users or, if they are not, by
serving a true and correct copy at the addresses listed below:

Henry W. McLaughlin, Esq.
Law Office of Henry McLaughlin, P.C.
Eight and Main Building
707 E. Main Street, Suite 1050
Richmond, VA 23219
henry@mclaughlinvalaw.com

/s/ Terry C. Frank                  November 27, 2013
      (signature)                            (date)

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case.  In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form.  Counsel has a continuing duty to update this information.

No. __13-2320__     Caption: __Velma Townsend v. Federal National Mortgage Assoc., et al.__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__Wells Fargo Bank, N.A.__
(name of party/amicus)

_____

 who is _____appellee_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.      Is party/amicus a publicly held corporation or other publicly held entity?   ☑YES ☐NO

2.      Does party/amicus have any parent corporations?                              ☑YES ☐NO
        If yes, identify all parent corporations, including grandparent and great-grandparent corporations:
         Wells Fargo & Company

3.      Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                                                        ☑YES ☐NO
        If yes, identify all such owners:
         Wells Fargo & Company

4.  Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?  ☑YES ☐NO
    If yes, identify entity and nature of interest:

    Federal National Mortgage Assoc., co-appellee

5.  Is party a trade association? (amici curiae do not complete this question)  ☐YES ☑NO
    If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding?  ☐YES ☑NO
    If yes, identify any trustee and the members of any creditors' committee:

Signature: /s/ Terry C. Frank                     Date:   November 27, 2013

Counsel for: Wells Fargo Bank, N.A.

## CERTIFICATE OF SERVICE
**************************

I certify that on  November 27, 2013  the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Henry W. McLaughlin, Esq.
Law Office of Henry McLaughlin, P.C.
Eight and Main Building
707 E. Main Street, Suite 1050
Richmond, VA  23219
henry@mclaughlinvalaw.com

/s/ Terry C. Frank                              November 27, 2013
        (signature)                                    (date)

- 2 -

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case.  In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form.  Counsel has a continuing duty to update this information.

No. __13-2320__     Caption: __Velma Townsend v. Federal National Mortgage Assoc., et al.__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__Samuel I. White, P.C.__
(name of party/amicus)

_____

 who is _____appellee_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.      Is party/amicus a publicly held corporation or other publicly held entity?  ☐YES ☑NO

2.      Does party/amicus have any parent corporations?                              ☐YES ☑NO
        If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3.      Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                              ☐YES ☑NO
        If yes, identify all such owners:

10/28/2013 SCC                                    - 1 -

4.      Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?    ☑YES ☐NO
If yes, identify entity and nature of interest:

  Wells Fargo Bank, N.A., co-appellee
  Federal National Mortgage Assoc., co-appellee

5.      Is party a trade association? (amici curiae do not complete this question)    ☐YES ☑NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.      Does this case arise out of a bankruptcy proceeding?    ☐YES ☑NO
If yes, identify any trustee and the members of any creditors' committee:

Signature:  /s/ Terry C. Frank                    Date:    November 27, 2013

Counsel for:  Samuel I. White, P.C.

## CERTIFICATE OF SERVICE
**********************************

I certify that on  November 27, 2013   the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

 Henry W. McLaughlin, Esq.
 Law Office of Henry McLaughlin, P.C.
 Eight and Main Building
 707 E. Main Street, Suite 1050
 Richmond, VA  23219
 henry@mclaughlinvalaw.com

/s/ Terry C. Frank                              November 27, 2013
          (signature)                                        (date)

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................ iii

STATEMENT OF ISSUES ON APPEAL .............................................1

STATEMENT OF THE CASE.............................................................2

SUMMARY OF ARGUMENT ............................................................4

ARGUMENT .......................................................................................6

    I.    Standard of Review ................................................................6

    II.    The Acceleration Notices Complied with the Terms of the Note and Deed of Trust and Therefore the Townsends Failed to State a Claim for Breach of Contract. ...........................................7

        A.    Applicable provisions of the Note and Deed of Trust ...............7

        B.    The Acceleration Notices complied with the terms of the Note and Deed of Trust in that they did not "inflate" the amounts due to cure default ........................................................8

        C.    The Acceleration Notices complied with the terms of the Note and Deed of Trust by adequately informing borrowers of their right to contest default, acceleration or foreclosure.................................................................11

    III.    The Townsends Failed to State a Claim to Quiet Title Where They Did Not Allege Superior Title to the Property.........................14

CONCLUSION ...................................................................................17

STATEMENT REGARDING ORAL ARGUMENT .............................................17

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

Bayview Loan Servicing, LLC v. Simmons,
275 Va. 114, 654 S.E.2d 898 (2008) ............................................................14

Belote v. Bank of Am., N.A.,
No. 3:12cv526, 2012 WL 6608973 (E.D. Va. Dec. 18, 2012)......................10

Cole v. GMAC Mortg., LLC,
No. 1:10-cv-848, 2011 WL 4007672 (E.D. Va. Sept. 7, 2011) ...................12

Estate Constr. Co. v. Miller & Smith Holding Co.,
14 F.3d 213 (4th Cir. 1994) .............................................................................6

Estrella v. Wells Fargo,
No. 2:11cv424, 2011 WL 6825619 (E.D. Va. Dec. 28, 2011), aff'd,
497 F. App'x 361 (4th Cir. 2012) ..................................................................10

Matanic v. Wells Fargo Bank, N.A.,
No. 3:12cv472, 2012 WL 4321634 (E.D. Va. Sept. 19, 2012) ...10, 12, 13, 16

Mathews v. PHH Mortg. Corp.,
283 Va. 723, 724 S.E.2d 196 (2012) ............................................................13

Miller v. United States,
357 U.S. 301 (1958)........................................................................................13

Munoz v. Bank of Am., N.A.,
Va. Sup. Ct. Record No. 130617 (withdrawn Jan. 21, 2014).......................11

Poe v. Ullman,
367 U.S. 497 (1953)........................................................................................13

Richmond Tenants Org. v. Kemp,
956 F.2d 1300 (4th Cir. 1992) .......................................................................13

Salazar v. U.S. Bank NA,
    82 Va. Cir. 344 (Fairfax Cnty. 2011) .............................................................16

Seitz v. Fed. National Mortgage Ass'n,
    909 F. Supp. 2d 490 (E.D. Va. 2012) ............................................................16

Stanley v. Georgia,
    394 U.S. 557 (1969)........................................................................................13

State of Maine v. Adams,
    277 Va. 230, 672 S.E.2d 862 (2009) .............................................................14

Tapia v. U.S. Bank, N.A.,
    718 F. Supp. 2d 689 (E.D. Va. 2010), aff'd,
    441 F. App'x 166 (4th Cir. 2011).............................................................15, 16

## **RULE**

Fed. R. Civ. P. 12(b)(6)...........................................................................................4, 6

## STATEMENT OF ISSUES ON APPEAL

The plaintiffs below, appellants Velma and Landon Townsend (the "Townsends"), attempted to "undo" a proper foreclosure on their real property by alleging claims for breach of contract, breach of the Fair Debt Collection Practices Act ("FDCPA"), and a claim to quiet title against appellees Federal National Mortgage Association ("Fannie Mae"), Samuel I. White, P.C. ("SIWPC"), and Wells Fargo Bank, N.A. ("Wells Fargo") (collectively "Appellees"). The Townsends' claims allegedly arose out of a mortgage loan transaction entered into between the Townsends and American Home Mortgage. A Note and Deed of Trust were executed in connection with the loan transaction, and American Home Mortgage subsequently assigned the Note to appellant Wells Fargo.

The Townsends now seek reversal of the lower court's decision in two respects: (1) dismissal of their claim for breach of the Note and Deed of Trust based on Appellees' purported failure to comply with acceleration notice requirements in the Note and Deed of Trust; and (2) dismissal of the their claim to quiet title. The issues on appeal are as follows:

1.        Whether the District Court correctly determined on Appellees' motion to dismiss that Appellees had complied with the notice requirements set forth in both the Note and Deed of Trust, and therefore the Townsends had no claim for breach.

2.        Whether the District Court correctly determined on Appellees'
motion to dismiss that the Townsends failed to state a claim to
quiet title because they had not and could not allege superior
title to the Property.

## STATEMENT OF THE CASE

The Townsends' claims below allegedly arose out of a mortgage loan transaction entered into between the Townsends and American Home Mortgage on May 17, 2007 for property known as 4514 West River Road, Scottsville, Virginia (the "Property") (J.A. 68). A Note and Deed of Trust were executed in connection with the loan transaction.  (Id.; J.A. 84-102)  American Home Mortgage assigned the Note to Wells Fargo. (J.A. 69)

It can be inferred from the Amended Complaint that the Townsends at some point fell into arrears on loan payments and defaulted on their mortgage. (J.A. 69-70, 103-106).  In response to the Townsends' default, Wells Fargo sent the Townsends two letters, one on July 17, 2011 and the other on August 22, 2011 (the "Acceleration Notices"). (J.A. 103-106). A foreclosure sale was conducted on November 10, 2011. (J.A. 22).  Fannie Mae subsequently acquired the Property. (J.A. 22-23, 56-57).

The Townsends claimed that the Acceleration Notices provided by Wells Fargo were not proper and did not comply with the Deed of Trust. (J.A. 16-17,

103-106). The Townsends alleged that Wells Fargo has the practice of sending letters that do not comply with the terms of its deed of trust because such notices required payment of the amount due on the first day of the next month and do not advise the borrower that they "could file a court action." (Id.)

The first acceleration notice, dated July 17, 2011 informed the Townsends that their loan was in default for failure to make payments due and stated that "[u]nless the payments on your loan can be brought current by August 16, 2011, it will become necessary to require immediate payment in full (also called acceleration) of your Mortgage note and pursue the remedies provided for in your Mortgage or Deed of Trust, which include foreclosure." (J.A. 52-53). Wells Fargo sent another acceleration notice on August 22, 2011 with identical language, except noting the updated amount in delinquency and that the payments had to be brought current by September 21, 2011 to avoid acceleration and foreclosure. (J.A. 54). Both Acceleration Notices stated that "[f]or the loan to be current and not in default, *any additional monthly payments*, late charges and other charges *that may be due under the note*, mortgage and applicable law *after the date of this notice must also be paid*." (J.A. 52, 54) (emphasis added).

The acceleration notices also stated that "[i]f foreclosure is initiated, you have *the right to argue* that you did keep your promises and agreements under the

Mortgage Note and Mortgage, and to present any other defenses that you may have." (Id.) (emphasis added).

The court below granted Appellees' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) as to Count One and Count Two of the Townsends' Amended Complaint. The District Court further dismissed under Rule 12(b)(6) the Townsends' Amended Complaint to the extent the Townsends sought to bring a claim to quiet title. In Count One, the Townsends attempted to hold Appellees liable for breach of the Note and the Deed of Trust premised on Appellees' purported failure to comply with the acceleration notice requirements in the Note and Deed of Trust. Count Two attempted to hold Appellees liable for breach of the Note and Deed of Trust premised on Appellees' purported violation of the FDCPA. Though not pled as a separate Count, the court below discerned a claim to quiet title from the Townsends' Amended Complaint and also dismissed such claim. The Townsends appeal only the dismissal of their claims for breach of contract based on Appellees' purported violation of notice requirements in the Note and Deed of Trust and the dismissal of their claim to quiet title.

## SUMMARY OF ARGUMENT

The District Court correctly found that Appellees did not breach the acceleration notice requirements of the Note and Deed of Trust and therefore properly dismissed the Townsends' claims for breach of contract. As determined

by the District Court, the Appellees did not violate the terms of the Note or the Deed of Trust merely by including in the Acceleration Notices the requirement that the Townsends make their regularly scheduled payment in order to cure their default. The Acceleration Notices expressly complied with the Deed of Trust and Note in that such notices informed the borrower of the amount in default, how to cure the default, and a date by which to do so. Further, the District Court correctly reasoned that the obligation in the Deed of Trust requiring the lender, as part of the acceleration notice, to inform the borrower of her "right to bring a court action" does not require those exact words to be inserted into the notice. Where the Acceleration Notices informed the Townsends of the amounts in default, how and when to cure their default, and sufficiently informed them of their right to contest the default, the District Court properly found that the Townsends' claim for breach of the Note or Deed of Trust failed as a matter of law. The Townsends, on appeal, have offered no authority that contradicts the District Court's reasoning and even concede that the overwhelming authority issued out of lower courts supports the District Court's dismissal here. Accordingly, this Court should affirm the dismissal as to the breach of contract claims.

Similarly, the court below properly dismissed the Townsends' quiet title claim. Under Virginia law, a plaintiff asserting a quiet title claim must assert she has rights superior to others asserting an interest in the property. The Townsends

failed to allege any facts which support they had satisfied their obligations under the Note.  It follows that they had not alleged superior title to the Property.  On appeal, the Townsends merely urge this Court to ignore applicable authority on this issue based on a public policy argument that is itself logically inconsistent.  As with the District Court's dismissal of the claim for breach of contract, this Court should confirm the District Court's sound decision to dismiss the claim to quiet title.

## **ARGUMENT**

### I.    **Standard of Review.**

The standard of review of a Rule 12(b)(6) dismissal is *de novo*. Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217 (4th Cir. 1994) (internal citation omitted). This Court should, "construe factual allegations in the nonmoving party's favor and … treat them as true, but is not so bound with respect to the complaint's legal conclusions." Id. at 217-18. The Court should affirm a dismissal for failure to state a claim only if it appears that the plaintiffs would not be entitled to relief under any facts which could be proved in support of their claim.  Id. at 218 (citation omitted).

## II. The Acceleration Notices Complied with the Terms of the Note and Deed of Trust and Therefore the Townsends Failed to State a Claim for Breach of Contract.

### A. Applicable provisions of the Note and Deed of Trust.

As relied upon in the Amended Complaint, the Note and the Deed of Trust require the lender to give the borrower notice prior to acceleration after a default.

Section 6(C) of the Note states:

> If I am in default, the Note Holder may send me written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest I owe on that amount. The date must be 30 days after the date on which the notice is mailed to me or delivered by other means. (J.A. 34).

Section 22 of the Deed of Trust states that:

> Lender shall give notice to the Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument… The notice shall specify (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to the Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. (J.A. 48).

**B.**    **The Acceleration Notices complied with the terms of the Note and Deed of Trust in that they did not "inflate" the amounts due to cure default.**

This Court should affirm the District Court's judgment because the Acceleration Notices complied with requirements of both the Note and the Deed of Trust. The Townsends maintain on appeal that the Acceleration Notices violated the terms of the Note in that they "inflated" the amount required to cure default and thereby stave off acceleration and foreclosure. (Opening Br., 2). This argument fails pursuant to both the express terms of the Note or Deed of Trust and the intention of the parties entering into those agreements.

As a threshold matter, the Townsends concede that the overwhelming majority of federal case law in Virginia fails to support their position. (Opening Br.. p. 13). Further, every single "Virginia Circuit Court deciding this issue [has] ruled against the Townsends' contention on appeal." (Id. at p. 15, fn. 8). The Townsends' argument rests on the fact that under the Acceleration Notices, the Townsends were required, by the close of the 30-day window, to pay both (1) the amounts overdue at such time the Notices were issued and (2) their regularly scheduled monthly payment, which would have become due within the 30-day window. (J.A. 52, 54 ("[f]or the loan to be current and not in default, *any additional monthly payments*, late charges and other charges *that may be due under the note*, mortgage and applicable law *after the date of this notice must also be*

*paid*.") (emphasis added)).    The District Court correctly found that the Acceleration Notices' requirement that the borrower pay her regular monthly payment in addition to the amounts for which she is in default in no way violates the Note or Deed of Trust.  (J.A. 171).

The Townsends' proffered argument suggests that once they were in default and had received notice of such, a subsequent failure to make their regular monthly payment during the 30-day cure period would constitute a separate default triggering a new notice and 30 more days from the date of that new notice to cure the new separate default.  (Id.)  In other words, stretched to its logical conclusion, the Townsends' interpretation of the notice requirement under the Note would mean that a first notice of default simply excuses the borrower from paying her next regularly monthly payment on time.

This is an unreasonable construction of the Note and Deed of Trust.  The Note informed the Townsends that if they did not pay the full amount of each monthly payment on the date it is due, the first day of each month, they would be in default.  (Section 6(B) of the Note, J.A. 85).  The Note then allows the lender to require the Townsends to "pay the overdue amount by a certain date."  (Section 6(C) of the Note, id.).  Critically, while the Note language requires that the payment date "must be at least 30 days after the date on which the notice is mailed to me or delivered by other means" (id.), nowhere does it require that the sums be

9

overdue for a certain number of days.  Here, all the payments demanded in the Acceleration Notices to cure default and prevent acceleration and foreclosure were permitted by the Note, i.e. *both* the amounts overdue at the time the Acceleration Notices were issued as well as the borrower's regularly scheduled monthly payment.

Accordingly, federal courts in Virginia have rejected under analogous facts the very argument maintained by the Townsends here on appeal.  See Matanic v. Wells Fargo Bank, N.A., No. 3:12cv472, 2012 WL 4321634, at *4 (E.D. Va. Sept. 19, 2012) (addressing virtually identical facts and finding that "requiring submission of the next regular monthly payment in order to cure default does not breach the agreement between the parties"); Estrella v. Wells Fargo, No. 2:11cv424, 2011 WL 6825619 (E.D. Va. Dec. 28, 2011), aff'd, 497 F. App'x 361 (4th Cir. 2012); see also Belote v. Bank of Am., N.A., No. 3:12cv526, 2012 WL 6608973, at *3 (E.D. Va. Dec. 18, 2012).  As the court in Matanic stated, the acceleration notice's requirement that the borrower pay his regular monthly payment "was not a breach of the Note because it was a reminder to the borrower that paying the amount required to cure the default does not relieve him of paying the regularly scheduled payment due before the cure period ends." 2012 WL 4321634, at *4.

10

On appeal, the Townsends present no authority whatsoever contradicting the District Court's reasoning. Nor do they offer countervailing authority with respect to the many decisions upon which the District Court relied to dismiss the Townsends' claim for breach of contract. Their effort to gain a reversal of the lower court grasps solely at an appeal to the Virginia Supreme Court of a case implicating similar claims as those at issue here, but that appeal was never decided. (Opening Br. 14)[1]. Accordingly, insofar as the District Court properly found Appellees did not violate the Note or Deed of Trust with respect to the amounts required to be paid under the Acceleration Notices, this Court should affirm the Townsends' claim for breach of contract.

**C.    The Acceleration Notices complied with the terms of the Note and Deed of Trust by adequately informing borrowers of their right to contest default, acceleration or foreclosure.**

The Townsends further maintain on appeal that the Acceleration Notices did not satisfy the terms of the Deed of Trust because they did not explicitly state that Plaintiffs could file a court action to assert defenses against acceleration and foreclosure. Section 22 of the Deed of Trust provides that an acceleration "notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale." (J.A. 48). The Acceleration notices

---

[1] Munoz v. Bank of Am., N.A., Virginia Supreme Court Record No. 130617 (withdrawn Jan. 21, 2014).

11

provided to the Townsends stated that "[i]f foreclosure is initiated, you have the *right to argue* that you did keep your promises and agreements under the Mortgage Note and Mortgage, and to present any other defenses that you may have." (emphasis added) (J.A. 52, 54).

The District Court properly reasoned that, although the language in the Acceleration Notices did not track exactly the language in the Deed of Trust regarding the borrower's right to bring a court action, the Acceleration Notices nonetheless provided the Townsends with reasonable notice regarding the right to assert a legal defense. (J.A. 173) (citing Cole v. GMAC Mortg., LLC, No. 1:10-cv-848, 2011 WL 4007672, at *3 (E.D. Va. Sept. 7, 2011). The court below again relied on Matanic, 2012 WL 4321634, at *5, where the District Court for the Eastern District of Virginia considered an acceleration notice containing the exact same operative language as that in this case, concluding that "the language used in the Acceleration Letter was slightly different from the language used in the Deed of Trust but in effect was the functional equivalent." The use of slightly different language in the Acceleration Notices to inform borrowers what rights they have, the District Court reasoned, does not offend the essential purposes of a Deed of Trust, namely, to secure the lender-beneficiary's interest in the parcel it conveys and to protect the borrower from acceleration of the debts and foreclosure on the securing property prior to the fulfillment of the conditions precedent it imposes.

See Matanic, 2012 WL 4321634, at *5 (quoting Mathews v. PHH Mortg. Corp., 283 Va. 723, 732, 724 S.E.2d 196, 200 (2012)).

The Townsends again offer no applicable authority in their appeal which supports reversal of the District Court's decision to dismiss the breach of contract claim. The Townsends cite a number of cases in support of their contention that "the law has long afforded special protections to a homeowner's rights in their homes," none of which are instructive on the matters at issue in this appeal. In support of their breach of contract argument, they rely on: (a)  the Third Amendment and the quartering of soldiers (Opening Br. p. 17); (b) the Fourth Amendment and the right to be free from unreasonable search and seizure (id.); (c) a dissent in a case addressing a law forbidding contraception (id., citing Poe v. Ullman, 367 U.S. 497 (1953)); (d) obscenity laws (id., citing (Stanley v. Georgia, 394 U.S. 557 (1969)); (e) privacy laws and the rights of police officers to break into a home (id. at p. 18, citing Miller v. U.S.; and (f) the right to be free from government intrusion into one's home (id., citing Richmond Tenants Org. v. Kemp, 956 F.2d 1300 (4th Cir. 1992), which addressed HUD's and the Dept. of Justice's authority to summarily evict drug users and dealers from public housing). None of the cases cited by the Townsends address a lender's right to enforce a contract when a borrower has breached his obligations under the same. This Court should disregard these cases as the red herrings that they are. Indeed, the

Townsends are forced to admit that every case <u>squarely on point</u> goes the other way.

This Court should also reject the Townsends' attempt to extend the holding in <u>Bayview Loan Servicing, LLC v. Simmons</u>, 275 Va. 114, 654 S.E.2d 898 (2008) to this case. <u>Bayview</u> was factually distinct, considering only whether the holder of a note could exercise its right to accelerate payment where the borrower alleged *she never received* the pre-acceleration notice as required by the Deed of Trust. <u>Id.</u> at 121, 654 S.E.2d at 901. Rather, this Court should affirm the District Court's sound reliance on cases nearly identical to this one where the court rejected the plaintiff's argument that an acceleration notice violated the terms of the note or deed of trust in failing to track the text of the deed of trust. Accordingly, this Court should affirm dismissal of the Townsends' claim for breach of contract.

## III.    <u>The Townsends Failed to State a Claim to Quiet Title Where They Did Not Allege Superior Title to the Property.</u>

The Townsends appeal dismissal of their claim to quiet title despite the overwhelming authority against their position and in support of the District Court's decision. Under Virginia law, an "action to quiet title is based on the premise that a person with good title to certain real or personal property should not be subject to various future claims against that title." <u>State of Maine v. Adams</u>, 277 Va. 230, 238, 672 S.E.2d 862, 866 (2009). Here, the Townsends made no allegation that they satisfied their obligations under the Note, and therefore they did not and could

14

not allege they had superior title to the Property. The court below properly relied on a number of cases where the court found the plaintiff had failed to state a claim for quiet title because she had not asserted her rights were superior to others asserting an interest in the property. See Tapia v. U.S. Bank, N.A., 718 F. Supp. 2d 689, 700 (E.D. Va. 2010), aff'd, 441 F. App'x 166 (4th Cir. 2011). In Tapia, as here, the plaintiffs alleged no facts supporting a claim of superior title in that they had not alleged they paid defendants on the notes and had made no showing that the debt was otherwise forgiven or cancelled. Id. Accordingly, the plaintiffs had failed to state a claim for quiet title. Id.

On appeal, the Townsends attempt to cite in support of their position is a Virginia Circuit Court Case wherein the court overruled a demurrer. (Opening Br., 21). As a preliminary matter, while the Townsends attach to their Opening Brief a copy of the memorandum in support of demurrer in that case, they do not attach the subject Complaint, and it is therefore impossible for Appellees or this Court to fully discern the substance of the Counts the court in that case permitted to survive demurrer, let alone the court's reasoning for doing so. Even so, the Townsends admit that case is factually distinct from the facts at hand in that the plaintiff's claims concerned alleged violations of FHA regulations incorporated into the deed of trust. (Id., 21).

Similarly, the Townsends further rely on Virginia circuit court case <u>Salazar v. U.S. Bank NA</u>, 82 Va. Cir. 344 (Fairfax Cnty. 2011), even while acknowledging that in <u>Matanic</u>, the District Court for the Eastern District of Virginia rejected reliance on <u>Salazar</u> under nearly identical facts as the case at hand.  <u>See</u> <u>Matanic</u>, 2012 WL 4321634, at *7 n.3 (finding <u>Salazar</u> not controlling and distinguishing <u>Salazar</u> in that plaintiffs there had alleged the foreclosing bank was not the beneficiary of the underlying debt).  The Townsends reliance on dicta in <u>Seitz v. Fed. National Mortgage Ass'n</u>, 909 F. Supp. 2d 490 (E.D. Va. 2012) also falls short. In <u>Seitz</u>, the court considered only whether a quiet title action should be considered an in rem or quasi in rem proceeding for the purposes of analyzing prior exclusive jurisdiction of the state court upon removal the action.

As a last resort, the Townsends also suggest that controlling authority, such as the reasoning in <u>Tapia</u>, if carried to its logical conclusion, would mean that "a homeowner who was current on his mortgage when he lost his home from a wrongful foreclosure from successfully quieting title against the foreclosure because he never paid off the loan in its entirety." (Opening Br., 22).  This concern finds no basis in <u>Tapia</u> or related authority which holds that a plaintiff bringing a quiet title action must *allege* he has good title to the property superior to others.  Presumably, under the conditions the Townsends suggest, where a homeowner is "current on his mortgage," the plaintiff in such a case *could* allege

16

he had good and superior title to the subject property, thereby meeting the elements necessary for a quiet title action. The Townsends did not and could not allege good and superior title here, as evidenced by their admission that they fell arrears on their loan payments and the lack of an allegation that they became current after default. Accordingly, this Court should affirm the District Court's dismissal of their claim to quiet title as they have failed to state such a claim under Virginia law.

## CONCLUSION

Appellees complied with the notice requirements under the Note and Deed of Trust and therefore the Townsends failed to state a claim for breach of contract. Because the Townsends did not allege good and superior title to the Property, they failed to state a claim to quiet title. The Townsends have raised no authority which contradicts the reasoning of the court below and therefore this Court should affirm the District Court's Dismissal of these claims.

## STATEMENT REGARDING ORAL ARGUMENT

Appellees respectfully requests this Court to hear oral argument in this case because of the significant issues presented by this appeal.

Respectfully submitted,


**FEDERAL NATIONAL MORTGAGE ASSOC.,**
**SAMUEL I. WHITE, P.C., and**
**WELLS FARGO BANK, N.A.**

By:    /s/    Terry C. Frank
       Terry C. Frank, Esq. (VSB 74890)
       KAUFMAN & CANOLES, P.C.
       Two James Center
       1021 East Cary Street, Suite 1400
       Richmond, VA 23219-4058
       Phone:  (804) 771-5700
       Fax:  (804) 771-5777
       Email:  tcfrank@kaufcan.com
       *Counsel for Appellees*

## <u>CERTIFICATE OF COMPLIANCE</u>

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

[ X ] this brief contains [*4,197*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[    ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

[    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: <u>May 30, 2014</u>            <u>/s/ Terry C. Frank</u>
                                                                     *Counsel for Appellees*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 30th day of May, 2014, I caused this Brief of Appellees to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Henry W. McLaughlin, III
LAW OFFICE OF HENRY MCLAUGHLIN, P.C.
707 East Main Street, Suite 1050
Richmond, Virginia 23219
(804) 205-9020

*Counsel for Appellant*

I further certify that on this 30th day of May, 2014, I caused the required copies of the Brief of Appellees to be hand filed with the Clerk of the Court.

/s/ Terry C. Frank
*Counsel for Appellees*